IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                                                CAUSE NO. 3:18-CR-137-CWR-FKB

TOMMY LEE HUNTER, JR., et al.                                             DEFENDANTS

### ORDER

Before the Court is Tommy Lee Hunter, Jr.'s *pro se* letter motion for time credit. Docket No. 41; *see also* Docket Nos. 42 and 43. Hunter challenges a determination that he is entitled to only three months' time credit. Rather, Hunter contends that he has been incarcerated since April 2018, was sentenced in February 2019, and is entitled to credit for the entirety of the time in between. Therefore, Hunter calculates that he is short seven months' time credit.

Upon review, this issue has already been considered and addressed, but for Hunter's benefit, the Court will do so once again.

On April 4, 2018, Hunter fired a semi-automatic pistol into an occupied vehicle. That very day he was arrested for "carrying [a] concealed weapon" as a felon, "[s]hooting into a dwelling," "providing [f]alse information to a law enforcement officer," and to appear for charges in an outstanding warrant for "[s]hoplifitng" and "failure to appear," amongst other alleged crimes. Docket No. 28 at 12-13. As these were state charges, Hunter was held in state custody.

Then, on July 10, 2018, a federal grand jury returned an indictment against Hunter on the single count of being a felon in possession of a firearm. Docket No. 3. The indictment stems from the April 4 altercation. On July 11, 2018, the day following his federal indictment, an arrest warrant for Hunter was issued. Hunter was already in state custody, so on August 1, 2018, Hunter was

brought to federal court via a *writ of habeas corpus ad prosequendum* (*i.e.*, Hunter was borrowed from state custody) and appeared for his arraignment.

On September 5, 2018, Hunter pled guilty to the federal indictment. The undersigned held a sentencing hearing on February 4, 2019. During that hearing, there were questions as to Hunter's custody status. "I want as much information as I could possibly have before I issue a sentence in this matter. I just want to be fully informed prior to sentencing this defendant," the undersigned stated, and so, the sentencing was continued to February 8. *See* February 4 Sentencing Hearing Audio File, Docket No. 27 at 59:17-40.

At the February 8 sentencing, the U.S. Probation Officer explained that on or around July 30, 2018, while Hunter was at the Madison County Detention Center,[1] he was brought before a state judge for a revocation hearing. *See* February 8 Sentencing Hearing Audio File, Docket No. 34 at 6:50-7:40. That judge revoked Hunter's parole and sentenced him to five years for absconding supervision and failing to report to the Madison County Probation Office after being released on parole in April 2014. *See id.* The revocation order credited Hunter's pre-hearing detainment time. *See id.*

Probation and Hunter's counsel further expounded on the issue before the Court that day. Probation explained that because Hunter was in state custody for revocation, "any time that he has spent in pre-trial detention in the federal case, is actually going to his state case and not his federal case." *Id.* at 8:01-50. And Hunter's counsel reiterated that ". . . where normally it would count towards his federal sentence, it's not, since he is in state custody." *Id.* Finally, the undersigned

---

[1] The Federal Court also houses detainees at the Madison County Detention Center, and some of Hunter's confusion, at least based on his sentencing hearings, is that he has remained at the same facility regardless of whether he was in state or federal custody.

concluded with, "[f]or however long . . . . after he was writted with us . . . . is counted toward his state sentence." *Id.*

Hunter was sentenced to 60 months to run concurrently with his state sentence. Hunter's counsel explained to him, that since he was sentenced concurrently, after serving his state sentence, he would be turned over to the U.S. Marshals, and the Bureau of Prisons (BOP) would conduct its own calculation as to how much time was served in state custody. Hunter would serve the remainder, if any, in federal custody.

Indeed, it is the BOP, not this Court, that has the statutory authority to award credit against a federal sentence for time accrued in state custody. 18 U.S.C. § 3585(b); *see United States v. Benavides-Hernandez*, 548 F. App'x 278, 279-80 (5th Cir. 2013). As this Court has explained in a somewhat-analogous case:

> To secure credit for time served in state custody, the defendant must go through the BOP's administrative process. *See* Docket No. 28-4 [BOP Program Statement No. 5160.05 (Jan. 16, 2003)]. The BOP says it will award such credit "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." *Id.* at 1, ¶ 3.
>
> More specifically, the BOP's "authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors." *Id.* at 4, ¶ 8. Regional Directors review the general rules regarding concurrent designation and can make exceptions "based on the merits of the particular case." *Id.* Their review includes "inmate discipline history, institutional adjustment, recommendations of the Wardens at the state and federal institutions, the recommendations of the prosecuting Assistant U.S. Attorney, intent of the federal sentencing court, if available, and any other pertinent information regarding the inmate." *Id.* Then, "[i]n the event of an 'exception,' the above information will be sent to the appropriate RISA [Regional Inmate Systems Administrator] who will coordinate a response." *Id.* Ultimately, the "Regional Director is the final authority to determine exceptions." *Id.*
>
> This administrative process may be initiated by recommendation of the court or by inmate request. *Id.* at 5, ¶ 9.b.(3)-(4). The BOP considers an inmate's request for credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation. Docket No. 28-4 at 5, ¶ 9(4). Once requested, the Regional Director will review the relevant documents concerning the

petitioner's sentences and request a recommendation from the federal sentencing judge, the U.S. Attorney's Office and the U.S. Probation Office, as appropriate. *Id.* at ¶ 9.b.(4)(c).

*United States v. Moore*, No. 3:17-CR-41-CWR-FKB, Docket No. 31 at 3-4 (S.D. Miss. Nov. 20, 2020) (quoting BOP Program Statement No. 5160.05 (Jan. 16, 2003)).

It appears that Hunter's protest is premature as he is still serving his state sentence. When the time comes for the BOP to determine Hunter's federal time credit, the Court hopes that he will be aided by the information provided during his sentencing hearings and this Order.

As it stands, however, Hunter's motion for time credit must be denied.

**SO ORDERED**, this the 7th day of July, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE